ACCEPTED
03-15-00285-CV
5898687
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/1/2015 12:33:03 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00285-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/1/2015 12:33:03 PM
JEFFREY D. KYLE
Clerk

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.**

*Appellants*

vs.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF
THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND
THE HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE
PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS
ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF
ADMINISTRATIVE HEARINGS**

*Appellees*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

### APPELLANTS' BRIEF

S. Shawn Stephens
Texas Bar No. 19160060
James P. Sullivan
Texas Bar No. 24070702
KING & SPALDING
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Billy M. Donley
Texas Bar No. 05977085
Mark E. Smith
Texas Bar No. 24070639
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

**Counsel for Appellants Volkswagen Group of America, Inc. and
Audi of America, Inc.**

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Appellants and Defendants below:**

Volkswagen Group of America, Inc. and Audi of America, Inc. (hereafter, "Appellants").

**Lead Appellate counsel for Plaintiffs/Appellants**:

S. Shawn Stephens
Texas Bar No. 19160060
James P. Sullivan
Texas Bar No. 24070702
KING & SPALDING
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

**Trial and Appellate Counsel for Plaintiffs/Appellants:**

Billy M. Donley
Texas Bar No. 05977085
Mark E. Smith
Texas Bar No. 24070639
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile:  (713) 751-1717

**Trial and Appellate Counsel for Defendants/Appellees**:

William R. Crocker
807 Brazos, Ste. 1014
Austin, Texas 78701

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

Kimberly Fuchs
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellees Michael J. O'Malley and Penny A. Wilkov*

J. Bruce Bennett
Cardwell, Hart & Bennett, LLP
807 Brazos, Suite 1001
Austin, Texas 78701

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

Dennis McKinney
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellee John Walker III*

Joseph W. Letzer
Dent M. Morton
Burr & Forman, LLP
420 20th Street N., Suite 3400
Birmingham, AL 35203

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

# ABBREVIATION TABLE

| | |
|---|---|
| SOAH | State Office Of Administrative Hearings |
| ALJ | Administrative Law Judge |
| PFD | Proposal for Decision |
| Contested Case | The administrative contested case styled *Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al.*, MVD Docket No. 13-0008-LIC, SOAH Docket No. 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.LIC, before the Texas Department of Motor Vehicles, Motor Vehicle Division |
| Audi | Volkswagen Group of America, Inc. and Audi of America, Inc.  (Audi of America, Inc. is an operating unit of Volkswagen Group of America, Inc.). |
| Board | Texas Department of Motor Vehicles Board |
| Division | Texas Department of Motor Vehicles, Motor Vehicle Division |
| VWGoA | Volkswagen Group of America |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..........................................................i

ABBREVIATION TABLE.................................................................................. iv

TABLE OF AUTHORITIES...............................................................................vii

STATEMENT OF THE CASE...............................................................................x

ISSUES PRESENTED ......................................................................................... xi

STATEMENT REGARDING ORAL ARGUMENT........................................ xii

STATEMENT OF FACTS......................................................................................1

SUMMARY OF THE ARGUMENT.....................................................................8

ARGUMENT AND AUTHORITIES .................................................................15

A.   THE DISMISSAL WAS ERRONEOUS BECAUSE APPELLEES' ACTS WERE,
     AND ARE, *ULTRA VIRES*; THEREFORE, APPELLEES WERE NOT ENTITLED
     TO IMMUNITY AND AUDI WAS NOT REQUIRED TO EXHAUST
     ADMINISTRATIVE REMEDIES..................................................................15

     1.   This Court must consider the merits of the case in order
          to resolve the jurisdictional issues under a de novo
          standard of review. ..........................................................................17

     2.   Chairman Walker's actions exceeded his power........................19

          a.   Walker's Remand Order exceeded his authority
               because Section 2001.058(e) of the APA does not
               authorize a remand............................................................20

          b.   Additionally, Walker did not have the power to
               order the ALJs to reopen the record after they
               issued the PFD. ...................................................................24

          c.   Walker's Remand Order Exceeds the Board's
               Authority under Section 2301.709(a) of the Code
               because it considers untimely evidence. ............................25

          d.   Walker's order also violates the rule prohibiting the
               Board from attempting to influence the ALJs'
               decision with improper facts...............................................28

i. The Remand Order requires the ALJs' to consider improper evidence..........................28

ii. The Remand Order flows from improper *ex parte* contact and the use of improper procedures...................................................29

iii. The Remand Order differs materially from member Slovacek's unanimously approved motion. ................................................32

iv. General statutory provisions did not authorize Walker to issue the Remand Order................................33

v. Statutes, rules and procedures must apply in all contested cases or the process becomes unfair.............36

3.   The ALJs Committed, and Continue to Commit, *Ultra Vires* Acts. ...............................................39

a.   The ALJs do not have authority to conduct a remand after issuing a PFD. ................................41

b.   The ALJs do not have authority to reopen evidence after a PFD..........................................42

PRAYER AND REQUEST FOR RELIEF ..........................................................47

CERTIFICATE OF COMPLIANCE ................................................................49

CERTIFICATE OF FILING AND SERVICE.......................................................49

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Appraisal Review Board of Harris County Appraisal District v. O'Connor & Assocs.,* 267 S.W.3d 413 (Tex. App.—Houston [14th Dist.] 2008, no pet.).................................................................................................16

*Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al.,* MVD Docket No. 13-0008-LIC ........................................................................1

*Butnaru v. Ford Motor Company,* 84 S.W.3d 198 (Tex. 2002)...............................................................................4

*Chon Tri v. J.T.T.,* 162 S.W.3d 552 (Tex. 2005)..............................................................................20

*City of Dallas v. Carbajal,* 324 S.W.3d 537 (Tex. 2010)..............................................................................18

*City of El Paso v. Heinrich,* 284 S.W.3d 366 (Tex. 2009).................................................................*passim*

*City of Houston v. Rhule,* 417 S.W.3d 440 (Tex. 2013).........................................................................9, 18

*City of Houston v. Williams,* 99 S.W.3d 709 (Tex. App.—Houston [14th Dist.] 2003, no pet) ...............16

*City of Sherman v. Public Util. Comm'n,* 643 S.W.2d 681 (Tex. 1983), CR 821-843....................................................6, 16

*Gattis v. Duty,* 349 S.W.3d 193 (Tex. App.—Austin 2011, no pet) .....................................17

*GMC Superior Trucks, Inc. v. Irving Bank & Trust Co.,*
    463 S.W.2d 274 (Tex. Civ. App.—Waco 1971, no writ) ........................35, 36

*Hammond v. City of Dallas,*
    712 S.W.2d 496 (Tex. 1986).......................................................35, 36, 46, 47

*Hearts Bluff Game Ranch, Inc. v. State,*
    381 S.W.3d 468 (Tex. 2012).......................................................................18

*Mag-T, L.P. v. Travis Central App. Dist.,*
    161 S.W.3d 617 (Tex. App.—Austin, 2005, pet denied)............................17

*Montgomery I.S.D. v. Davis,*
    34 S.W.3d 559 (Tex. 2000)........................................................................38

*Petitioner v. Tax Division, Texas Comptroller of Public Accounts,*
    2014 WL 4694592, SOAH Docket No. 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.26,
    Comptroller's Decision at *6, June 9, 2014 ...................................................43

*Petitioner v. Tax Division, Texas Comptroller of Public Accounts,*
    2014 WL 4694594, SOAH Docket No. 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.26,
    Comptroller's Decision at *1, June 16, 2014 .................................................43

*Rodriguez v. Serv. Lloyds Ins. Co.,*
    997 S.W.2d 248 (Texas. 1999)...................................................................40

*Sexton v. Mount Olivet Cemetery Assn,*
    720 S.W.2d, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.).........10, 19, 40

*Southwestern Bell Tel., L.P. v. Emmett,*
    _ S.W.3d _, 58 Tex. Sup. Ct. J. 567......................................................*passim*

*Tex. Dep't of Parks & Wildlife v. Miranda,*
    133 S.W.3d 217 (Tex. 2004)............................................................8, 9, 17, 18

*Texas Dept. of Transp. v. Sefzik,*
    355 S.W.3d 618 (Tex. 2011)..........................................................................6

*Texas Gen. Indem. v. Workers' Comp. Com'n,*
    36 S.W.3d 635 (Tex. App.—Austin 2000).........................................35, 46, 47

*Westheimer Indep. Sch. Dist. v. Brockette,*
    567 S.W.2d 780 (Tex. 1978)............................................................................16

*Yamaha Motor Corp. v. Motor Vehicle Division,*
    860 S.W.2d 223 (Tex. App.—Austin 1993, writ denied)............................16

**Statutes**

1 TEX. ADMIN CODE ANN. § 155.153 ...........................................................*passim*

30 TEX. ADMIN. CODE ANN. § 80.265 ...................................................................23

TEX. GOV'T. CODE ANN. § 2001.058..............................................................*passim*

TEX. GOV'T CODE ANN. § 2001.146(a) ..................................................................27

TEX. GOV'T CODE § 2001.141(d)...........................................................................40

TEX. GOV'T CODE § 2001.143 ...............................................................................39

TEX. OCC. CODE § 2301.360 ............................................................................4, 34

TEX. OCC. CODE § 2301.709 .........................................................................*passim*

TEX. OCC. CODE § 2301.704 ..............................................................................1, 2

**Other Authorities**

16 TEX. ADMIN. CODE § 22.262(c) .......................................................................23

2 Kenneth Culp Davis & Richard J. Pierce, Jr., *Administrative*
    *Law Treatise* § 9.8 at 67 (3d ed. 1994)..........................................................37

Ron Beal, *From Proposal for Decision to Final Decision: What*
    *Happens in Between?,* 15 Tex. Tech Admin. L.J. 113, (2013)................*passim*

Pete Schenkkan, *Texas Administrative Law: Trials, Triumphs and*
    *New Challenges*, 7 Tex. Tech Admin. L.J. 288 (2006) ............................ 37-38, 40

## STATEMENT OF THE CASE

*Trial Judge:*    Honorable Amy Clark Meachum

*Trial Court:*    201st Judicial District Court, Travis County, Texas; Trial Court Cause No. D-1-GN-15-001186

*Nature of the case:*  Audi sued three individuals (the chair of the Texas Motor Vehicle Board and two ALJs) in their official capacities seeking injunctive relief preventing these individuals from exceeding their statutory powers and from departing from statutes, rules, and established procedures by remanding/conducting a remand in an administrative contested case after a PFD had issued. CR 117-148. Defendants/Appellees filed pleas to the jurisdiction asserting governmental immunity and failure to exhaust administrative remedies. *See, e.g.,* CR 731,821, 836.

*The course of pleadings and trial court's disposition of the case:*  Trial Court dismissed the case. CR 2030-2031.

x

# ISSUES PRESENTED

1.  Defendants/Appellees were sued in their official capacities for *ultra vires* acts as required by the Supreme Court's *City of El Paso v. Heinrich*, 284 S.W.3d 366, 369-70, 73 (Tex. 2009) decision. Did the trial court err by dismissing this case since the Defendants/Appellees were not entitled to governmental immunity because their actions (reopening evidence and ordering/conducting a remand of the administrative Contested Case after a PFD had issued) exceeded their statutory powers?

2.  Did the trial court err by dismissing the case below since the Texas Supreme Court has held that exhaustion of administrative remedies is not required where, as here, a government official's actions exceed his or her powers?

## STATEMENT REGARDING ORAL ARGUMENT

Audi requests oral argument in this case because oral argument will assist the Court in understanding the interplay between the various provisions of the Texas Occupations Code, the Administrative Procedure Act ("APA"), Chapter 2001 of the Texas Government Code and the administrative rules which control the outcome of this lawsuit. It will also assist the Court in understanding the complex procedural background of this appeal.

# STATEMENT OF FACTS

Appellants are Volkswagen Group of America, Inc. and Audi of America, Inc. (collectively "Audi")[1].  Appellees are three individuals sued by Audi in their official capacities, John Walker III, Michael J. O'Malley and Penny A. Wilkov.  Walker is Chair of the Texas Department of Motor Vehicles Board ("Board").  O'Malley and Wilkov are Administrative Law Judges for the State Office of Administrative Hearing (SOAH).  CR 117-148.  Audi filed this suit in the 201st Judicial District Court in Travis County to enjoin Appellees from conducting *ultra vire*s proceedings in an underlying administrative contested case (Contested Case)[2] pending before the State Office of Administrative Hearings ("SOAH") on referral from the Texas Department of Motor Vehicles, Motor Vehicle Division ("the Division") pursuant to Texas Occupations Code §2301.704.  CR 117-148 and exhibits thereto.

---

[1]      Appellants are Volkswagen Group of America, Inc. ("VWGoA")and Audi of America, Inc. (collectively, with VWGoA, "Audi").  VWGoA is engaged in the business of importing, distributing, and advertising, new motor vehicles and related accessories and parts.  VWGoA distributes new Volkswagen vehicles to authorized dealers located throughout the United States for sale to the public. Audi of America, Inc. is an operating unit of VWGoA that sells and delivers authorized Audi products to Audi dealers.

[2]      The administrative contested case is styled *Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al.*, MVD Docket No. 13-0008-LIC, SOAH Docket No. 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-LIC, before the Texas Department of Motor Vehicles, Motor Vehicle Division.

1

1.  **Budget Protests Audi's Rejection of The Proposed Transfer of The Austin Dealerships.**

In the Contested Case, Budget Leasing Inc. d/b/a Audi North Austin and Audi South Austin (Budget), protested Audi's rejection of Budget's proposed transfer of the only two Austin, Texas Audi dealerships to a group of investors. CR 367-369. The original proposed buyer, Ricardo M. Weitz, and several entities, Hi Tech Imports, LLC, Hi Tech Imports South LLC and High Tech Imports North LLC ("Intervenors"), intervened in the Contested Case.

2.  **Trial of The Contested Case; ALJs Issue PFD.**

The Board referred Budget's protest to SOAH for trial in accordance with Texas Occupations Code §2301.704 (a). CR 399-502. The trial on the merits of the Contested Case lasted nine days. Nineteen witnesses testified and almost 300 exhibits were introduced. CR 138-39; 399-502. Subsequently, SOAH Administrative Law Judges O'Malley and Wilkov issued a Proposal for Decision (PFD) in which they agreed with many of Audi's concerns about the proposed transferees' lack of qualifications and recommended that the Board issue a final decision finding the prospective transferees unqualified. CR 399-502; 485-86. The ALJs conditioned the

findings in their PFD by stating that the prospective transferees might be qualified, if they met certain conditions set out in the PFD. CR 399-502; 485-86.

**3.    The Board Issued a Final Order Dismissing The Contested Case Because Budget Failed to Comply With The Requirements for Filing a Protest.**

Typically, the Board would enter a final decision based on the findings of fact and legal conclusions in the ALJs' PFD.[3]  *See, e.g.*, Ron Beal, *From Proposal for Decision to Final Decision: What Happens in Between?*, 15 Tex. Tech Admin. L.J. 113, 128-31 (2013).  However, in this Contested Case, based on the recommendation of the Board's general counsel, the Board dismissed the protest because Budget had not complied with the requirements of a dealer transfer application under the Texas Occupations Code. CR 503-505.

---

[3]    The Board may also change an ALJ's findings or conclusions, but only where the Board states in writing that: 1) the ALJ misapplied the law, agency rules, policies or prior administrative decisions; 2) the ALJ relied on an incorrect administrative decision or on a decision that should be changed; or 3) there is a technical error in a fact finding. TEX. GOV'T. CODE ANN. § 2001.058(e).

### 4. Budget/Intervenors Sought Rehearing of The Contested Case and One Proposed Transferee makes *Ex Parte* Contact With The Board's Vice-Chair About The Rehearing.

After dismissal of their protest, Budget and the Intervenors (which includes some of the prospective transferees and Weitz, who is admittedly not a prospective transferee)[4] filed motions for rehearing with the Board pursuant to Section 2001.146 of the APA. CR 507-526. At some point after the motions for rehearing were filed, Corbin Robertson III—a witness in the Contested Case and the leader of a private equity group that was one of the proposed transferees—sent a private, *ex parte* message via LinkedIn to the Vice-Chair of the Board. CR 1941. In it, he asks the Vice-Chair to consider his family's prominence in the Houston community, including the fact that his family's name is on the stadium at the University of Houston, and his family's connections, when ruling on the motion for rehearing of the dismissal of the Contested Case. RR 14-16; CR 1940-1941.

---

[4] Intervenors are some of the prospective transferees, but were not protestants. Under the Occupations Code, prospective transferees do not have standing to bring a protest action—only the existing dealer has standing to protest a manufacturer's refusal to approve a proposed transfer, so Intervenors were not a proper party to the Contested Case and could never be a protestant in a Contested Case under the Code. TEX. OCC. CODE § 2301.360(a) ("A dealer whose application is rejected under Section 2301.359 may file a protest with the board."); *Butnaru v. Ford Motor Company*, 84 S.W.3d 198, 206 (Tex. 2002) ("The Code's definition of 'dealer' includes licensed dealers but not prospective transferees.")

4

After receipt of that message, the Board granted rehearing and set it for the Board's February 13, 2015 meeting. CR 154-170. The Board's Vice-Chair did not participate in the February 13, 2015 rehearing. At that meeting, suddenly no longer concerned about Budget/Intervenors' failure to properly follow the Code's transfer application requirements, the Board voted to remand the Contested Case back to SOAH for further proceedings. CR 168-169. The Board did so despite Audi's objections that Board Chairman Walker did not have the statutory authority to order the remand[5] and that the ALJs did not have the statutory power, much less the discretion, to conduct the remand or reopen evidence after the issuance of a PFD.[6] CR 162-167. The Board granted rehearing and the contested case

---

[5]     Audi argued that Chairman Walker was not authorized to issue a remand because: remand is not a power given to an agency that is considering a PFD listed in § 2001.058(e) of the Administrative Procedure Act; SOAH was not authorized to reopen the record under SOAH Rule 155.153 because the PFD had been issued; the remand order materially differs from the motion upon which it is based; the remand order requires the the Board and the ALJs to consider "evidence" that was not timely filed despite the fact that the Code only permits the board members and ALJs to consider "materials that are submitted timely." CR 7-8, 1898; 1905-06, 1908; TEX. OCC. CODE § 2301.709(a); 2301.154. This "evidence" was not presented for the Board's consideration until October 15, 2014 despite the fact that the evidence had closed on May 28, 2014, the ALJs issued a PFD on July 16, 2014 and the Board issued a Final Order on September 12, 2014. CR 502, 505. In fact, this "evidence" was not even mentioned in Budget's own Motion for Rehearing. *See e.g.*, CR 139.

[6]     Audi argued that the ALJs are outside their authority because SOAH Rule 155.153 only allows an ALJ to reopen evidence "if the judge has not issued a dismissal, proposal for decision, or final decision." Here, the remand attempts to reopen evidence long after the ALJs issued a PFD. *See e.g.*, CR 140.

was remanded ***on an expedited basis*** to the ALJs pursuant to a Remand Order signed by Walker. CR 169; 928-29. As requested by the Chair, the ALJs quickly created and began implementing an expedited schedule for the remand. CR 133; RR 16-17.

Consequently, Audi filed this lawsuit in district court to prevent the *ultra vires* remand of the contested case, the *ultra vires* reopening of evidence after issuance of the PFD, and the resulting issuance of a new PFD by the ALJs and issuance of a new post-remand final decision by the Board. CR 117-148.

Despite the fact that the Texas Supreme Court approved of the use of such lawsuits where an official has acted outside his or her power and has held that these suits should be filed before a party exhausts administrative remedies, Defendants/Appellees filed Pleas to the Jurisdiction in the district court in which they asserted governmental immunity from suit and the exhaustion of remedies doctrine. *See, e.g., Emmett*, 2015 WL 1285326 at *3; *See e.g., Texas Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011); *City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 683, 685 (Tex. 1983), CR 821-843.

The court below erroneously dismissed the lawsuit, thereby allowing the *ultra vires* remand of the Contested Case to go forward. CR 2030-31. Audi then filed this appeal and sought temporary relief from this Court to protect this Court's jurisdiction to decide this dispute. The ALJs continue to carry out the Remand Order. In fact, they have conducted a remand hearing, have closed the evidence in it, and are preparing a new, post-remand PFD to submit to the Board. *See, e.g.*, CR 47-54; 74-79. Audi has sought temporary relief from this Court to prevent further actions in the remand proceeding.

## SUMMARY OF THE ARGUMENT

The district court erred when it dismissed this lawsuit. Appellees' actions, upon which this lawsuit is based, exceed their authority. Consequently, these acts are not entitled to governmental immunity and Audi is not required to exhaust its administrative remedies. Since immunity and the alleged failure to exhaust administrative remedies were the grounds on which Appellees' based their pleas to the jurisdiction, the district court's decision to dismiss the case must be reversed.

Ordinarily, courts begin their analysis of whether a trial court's dismissal was proper by considering the jurisdictional issues. However, in this case, the Court must examine the merits of the appeal in order to be able to determine the jurisdictional issues, because jurisdiction turns on whether Appellees' actions were authorized by law. *Emmett*, 2015 \_S.W.3d\_, 2015 WL 1285326 at *3 (Tex. 2015) (court required to interpret Water Code to determine whether Harris County Commissioners' conduct was *ultra vires* and therefore not entitled to immunity); *see, e.g., Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004). Because Appellees' actions were, and are, *ultra vires*, Appellees were not entitled to

immunity, the exhaustion of administrative remedies doctrine did not apply, and the district court should not have dismissed the case.

Whether a court has jurisdiction over a dispute is a question of law that is reviewed *de novo*. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). When examining a plea to the jurisdiction, a district court is required to consider the evidence introduced in opposition to the plea. *See, e., g., Heinrich,* 284 S.W.3d at 378; *Miranda,* 133 S.W.3d at 227-28. And when considering the evidence, the district court is required to indulge every inference and resolve every doubt in favor of the party opposing the plea. *Heinrich,* 284 S.W.3d at 378. Where, as here, evidence shows as a matter of law that the actions were *ultra vires*, governmental immunity and the exhaustion of remedies doctrine do not apply and the court should deny the pleas. *Heinrich* at 376; *see Emmett,* 2015 WL 1265326 at \*3. Where the evidence raises a fact issue, the court must send the dispute to the fact finder. *Heinrich,* 284 S.W.3d at 378. Either way, the case should not be dismissed. Here, the evidence shows that Appellee's actions violated statutes and rules, so the pleas should have been denied. But even if

Audi's evidence merely created a fact issue on whether Appellees' actions were *ultra vires*, the district court should not have granted the pleas.  *Id.*

For example, Audi's evidence showed that Chairman Walker's actions exceeded his power when he erroneously signed a Remand Order, which sent the Contested Case back to SOAH for further proceedings.  CR 928-929.  Walker did not have the authority[7] to sign the Remand Order because the APA does not authorize the Board to remand a case back to SOAH after an ALJ has issued a PFD.  TEX. GOV'T CODE ANN. § 2001.058.

In fact, this section of the Government Code, which is the only source of the Board's power when considering a PFD, lists the specific options available to the Board.  It does not include remand as an option.  *Id.*  After a PFD is issued, the Board is only authorized to enter a final decision on the PFD; or, in limited circumstances, change a SOAH finding of fact or conclusion of law, not order a remand.  *Id.*  Thus, Section 2001.058(e) of the APA, by its express terms, did not authorize the Board to remand the contested case or to alter the ALJs' original findings and conclusions.  *Id.*

---

[7]     Appellees do not have inherent powers.  Instead, they are creatures of statute and have only the authority provided to them by the legislature.  *See e.g., Sexton v. Mount Olivet Cemetery Assn*, 720 S.W.2d, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.).

10

Since the Board does not have a specific grant of remand authority, Walker exceeded his authority in remanding the case after issuance of a PFD.

Walker's Remand Order also exceeded his authority because it required the ALJs to exceed their statutory power by reopening the record to consider untimely new evidence long after the ALJs had issued their PFD. CR 928-929. SOAH Rule 155.153(a)(4) specifically prevents an ALJ from reopening a record after a PFD has issued. 1 TEX. ADMIN CODE ANN. § 155.153(a)(4). It is uncontroverted that the ALJs had already issued a PFD in the Contested Case. CR 399-502. Therefore, as a matter of law, this was an *ultra vires* act that was not entitled to protection from suit. *See, e.g.*, *Heinrich,* 284 S.W.3d at 378.

Further, Walker's issuance of the Remand Order is an *ultra vires* act because it considers, and orders the ALJs to consider, evidence which was not submitted in a timely manner. RR 165-167; CR 928-929; CR 1447. Section 2301.709 of the Code states that "the board or a person delegated power from the board under Section 2301.154 may consider only materials that are submitted timely." TEX. OCC. CODE ANN. § 2301.709(a) (West 2014) (emphasis added).

11

The Remand Order also violates Section 2301.709(c) of the Code which provides that "[a] majority vote of a quorum of the board is *required* to adopt a final decision *or order* of the board." TEX. OCC. CODE ANN. § 2301.709(c) (West 2014) (emphasis added). Therefore, the orders Walker signs as Chair of the Board must comply with the majority votes of the Board. *See id.*

Here, Walker's Remand Order was considerably broader than the motion on which it was supposedly based. For example, the order commanded the ALJs to reopen evidence to consider whether Audi received the April 30 Letter, to determine the effect of that letter, and to determine whether the conditions set out in the PDF are met. *See, e.g.* CR 1908. But the motion only called for a remand to determine one issue: whether the PFD's conditions had been met. CR 1908.

Walker's order, calling for serious departures from the statutory framework for dealing with contested cases, was issued after improper *ex parte* communication from a witness in the Contested Case. As such, reversal is required because the relevant statutes, rules and procedures need to be equally applied and the decision should be free from undue

influence, or the contested case process becomes unfair and the legislature's reasons for implementing the neutral hearing process under SOAH are negated. *See Mid-South Pavers*, 246 S.W.3d at 723.

Like Walker, the ALJs also committed *ultra vires* acts by : 1) reopening the evidence after issuing a PFD; 2) considering untimely evidence; 3) conducting a remand hearing and continuing to entertain the remand process by issuing orders and engaging in actions to issue a new post-remand PFD; and, 4) creating and implementing a compressed remand schedule. Importantly, they continue to commit *ultra vires* acts by carrying out the remand process.

These actions exceeded the ALJs' authority because, as discussed above, § 2001.058(e) of the APA does not authorize the Board to remand a contested case back to SOAH after the issuance of a PFD.

The ALJs also exceeded their authority by re-opening the evidence in the remand of the Contested Case. This act contravenes SOAH Rule 155.153(a)(4) which expressly prohibits the reopening of the record in a contested case once a PFD has been issued. 1 Tex. Admin. Code Ann. § 155.153(a)(4) (West 2014).

For the foregoing reasons, the Appellees' actions exceeded their powers and were not entitled to immunity. Likewise, under these circumstances, exhaustion of remedies was not required. Therefore, the district court committed reversible error when it dismissed this lawsuit.

## ARGUMENT AND AUTHORITIES

**A.** **THE DISMISSAL WAS ERRONEOUS BECAUSE APPELLEES' ACTS WERE, AND ARE, *ULTRA VIRES*; THEREFORE, APPELLEES WERE NOT ENTITLED TO IMMUNITY AND AUDI WAS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES.**

As a matter of law, the district court erred when it dismissed this case because Appellees' actions exceeded their authority and were not entitled to governmental immunity. And, under these circumstances, Audi was not required to exhaust administrative remedies prior to filing suit in district court. In fact, in *Heinrich*, the Texas Supreme Court authorized the use of lawsuits, like this one, requesting prospective injunctive relief to prevent harm when individual state actors exceed their statutorily authorized powers in an underlying administrative proceeding. *See e.g., Heinrich, 284 S.W.3d at 369*. The Texas Supreme Court also held in *Heinrich* that an action to "determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars." *Id.* at 368. Therefore, as Audi did here, suit must be brought against the state actor in his or her official capacity, not against the agency. *Id.* at 369; *Southwestern Bell Tel.,*

15

*L.P. v. Emmett*, _ S.W.3d _, 58 Tex. Sup. Ct. J. 567; 2015 WL 1285326 (Tex. 2015).

Similarly, where, as here, a state agency official acts beyond his or her statutorily conferred powers, a trial court may intervene in a contested case regardless of whether a party has exhausted its administrative remedies. *See, e.g.,* *City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 683, 685 (Tex. 1983); *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex. 1978); *Yamaha Motor Corp. v. Motor Vehicle Division*, 860 S.W.2d 223, 229 (Tex. App.—Austin 1993, writ denied); *Appraisal Review Board of Harris County Appraisal District v. O'Connor & Assocs.*, 267 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

This exception to the exhaustion of administrative remedies doctrine allows a trial court to intercede in an agency matter before administrative remedies are exhausted because, in these *ultra vires* cases, the reasons for the exhaustion of remedies requirement do not apply; judicial and administrative efficacy are not served by requiring exhaustion; and, agency policies and expertise are irrelevant if the agency's final action will be a nullity. *See* *City of Houston v. Williams*, 99 S.W.3d 709, 717 (Tex. App.—

16

Houston [14th Dist.] 2003, no pet); *Mag-T, L.P. v. Travis Central App. Dist.,* 161 S.W.3d 617, 625 (Tex. App.—Austin, 2005, pet denied).

As is shown below in detail, Appellees exceeded their statutory powers as a matter of law when they ordered the remand of the contested case; ordered the reopening of evidence; and/or, began to carry out the Remand Order; thus, the decision of the court below should be reversed because neither governmental immunity nor the exhaustion of administrative remedies doctrine applies to this case.

1. **This Court must consider the merits of the case in order to resolve the jurisdictional issues under a de novo standard of review.**

Ordinarily, this Court would start its analysis of whether the trial court's dismissal of this case was proper by considering the jurisdictional issues. However, in this case, the Court must examine the merits of the appeal to be able to determine whether jurisdiction exsists. *Emmett*, 2015 _S.W.3d_, 2015 WL 1285326 at *3 (Tex. 2015) (court required to interpret Water Code to determine whether Harris County Commissioners' conduct was *ultra vires* and therefore not entitled to immunity); *see Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004); *Gattis v. Duty*, 349 S.W.3d 193, 206 (Tex. App.—Austin 2011, no pet). Here, an

17

examination of the merits will show that Appellees' actions were *ultra vires;* therefore, Appellees were not entitled to immunity, the exhaustion of administrative remedies doctrine did not apply and the case should not have been dismissed.

Whether a court has jurisdiction over a dispute is a question of law that is reviewed *de novo* and without deference to the trial court's decision. *City of Houston v. Rhule,* 417 S.W.3d 440, 442 (Tex. 2013); *Hearts Bluff Game Ranch, Inc. v. State,* 381 S.W.3d 468, 476 (Tex. 2012); *City of Dallas v. Carbajal,* 324 S.W.3d 537, 538 (Tex. 2010). The district court was required to consider the evidence introduced by Audi in opposition to the pleas when it ruled on the pleas to the jurisdiction. *See, e.,g., Heinrich,* 284 S.W.3d at 378; *Miranda,* 133 S.W.3d at 227-28. When considering such evidence, the district court is required to indulge every inference and resolve every doubt in favor of the party filing suit. *Heinrich,* 284 S.W.3d at 378. Where, as here, that evidence shows, as a matter of law, that Appellees' actions were *ultra vires,* so that governmental immunity and the exhaustion of remedies doctrine do not apply, the court should deny the pleas. *Heinrich* at 376; *see Emmett,* 2015 WL 1265326 at *3. Where the evidence raises a fact

18

issue, the court must send the dispute to the fact finder. *Heinrich*, 284 S.W.3d at 378.

As will be shown below, Appellee's actions in this case were *ultra vires* as a matter of law and Audi's requested injunctive relief should have been granted. However, at minimum, Audi's evidence created a fact issue on whether Appellees' actions were *ultra vires*, so the district court could not grant the pleas and should have sent the dispute to the fact finder. *Id.* As a result, the decision below must be reversed.

### 2. Chairman Walker's actions exceeded his power.

On February 13, 2015, Board Chairman Walker erroneously signed a Remand Order, which sent the Contested Case back to SOAH for further proceedings. CR 928-929. When reviewing these actions, it is important for this Court to remember that the Board does not have inherent powers. Instead, it is a statutory creature which has only the authority provided to it by the Legislature. *See e.g., Sexton v. Mount Olivet Cemetery Assn*, 720 S.W.2d, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.)* ("agencies are creatures of statute and have no inherent authority," therefore, agencies can "exercise only those powers conferred upon them by law in clear and express language, and no additional authority will be implied by judicial

19

construction.") Since a board is a corporate body, it must act through individuals; thus, Chairman Walker was required to work within the limited power granted to the Board. *See Chon Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). There are several reasons Chairman Walker's order exceeded his statutory grant of power and his excesses are detailed below.

### a. Walker's Remand Order exceeded his authority because Section 2001.058(e) of the APA does not authorize a remand.

Walker did not have the authority to sign the Remand Order because the APA does not authorize the Board to remand a case back to SOAH **after** an ALJ has issued a PFD. TEX. GOV'T CODE ANN. § 2001.058 . In fact, this section of the APA, which is the sole source of the Board's power when considering a PFD, lists the specific options available to the Board and does not include remand as an option. *Id.* Instead, after a PFD is issued, the Board is only authorized to enter a final decision on the PFD; or, in limited circumstances, change a SOAH finding of fact or conclusion of law, not order a remand. *Id.* Even then, a finding or conclusion can only be changed by the Board under very restrictive circumstances,[8] none of which

---

[8] Here, the Board did not make a determination, much less a written one, that any of the three specified reasons for changing the ALJs' findings and conclusions existed. CR 928-929.

20

exists here:

> A state agency *may **change a finding of fact or conclusion of law*** *made by an administrative law judge, or may vacate or modify an order issued by the administrative law judge,* ***only*** *if the agency determines:*
>
> > (1)     that the administrative law judge did not properly apply or interpret applicable law, agency rules, written policies provided under Subsection (c), or prior administrative decisions;
> >
> > (2)     that a prior administrative decision on which the administrative law judge relied is incorrect or should be changed; or
> >
> > (3)     that a technical error in a finding of fact should be changed.
>
> The agency shall state ***in writing*** *the specific reason and legal basis* for a change made under this subsection.

TEX. GOV'T CODE ANN. § 2001.058(e); 15 Tex. Tech Admin. L.J. at 126-133.

And the fact that the Board is not authorized to remand a case back to SOAH after issuance of a PFD is consistent with SOAH's procedural rules, which do not allow an ALJ to reopen a record once a PFD is issued and has been submitted to the Board for consideration.  1 Texas. Admin. Code Ann. § 155.153.  Thus, Section 2001.058(e) of the APA, by its express terms, did not authorize the Board to remand the contested case or to alter the ALJs' original findings and conclusions.  *Id.*

21

While it is true that *some* agency cases can be remanded to an ALJ, that remand can *only* occur where agencies have been given statutory authority to remand a contested case back to SOAH. *See* 15 Texas Tech Admin. L.J. at 132-141. Here, Appellees ignored the fact that the Texas Motor Vehicle Board was not given that remand power by the legislature.

In fact, the statutes cited below point out this distinction and show that, where the legislature wishes to grant remand power to an agency, it knows how to do so; yet, it has not done so for the Motor Vehicle Board.

For example, in Chapter 2003 of the Government Code, the legislature expressly provides for remand in cases heard by the Natural Resources Conservation Division of SOAH.[9] TEX. GOV'T CODE § 2003.047(m). SOAH's Natural Resources Conservation Division was established to hear contested cases brought before the Texas Commission on Environmental Quality ("TCEQ," formerly the Texas Natural Resource

---

[9] The Natural Resource Conservation Division hears contested cases referred by the Texas Commission on Environmental Quality (formerly the Texas Natural Resources Conservation Commission). The Texas Natural Resource Conservation Commission ("TNRCC") was renamed Texas Commission on Environmental Quality ("TCEQ") in 2002, three years after Section 2003.047 was last amended. Therefore references to TNRCC in Chapter 2003 of the Texas Government Code refer to TCEQ. Government Code Section 2003.047(m) provides:

> [T]he [Texas Natural Resource Conservation Commission] may also refer the matter back to the administrative law judge to reconsider any findings and conclusions set forth in the proposal for decision or take additional evidence or to make additional findings of fact or conclusions of law.

Conservation Commission).    Consistent with this provision of the Government Code, TCEQ's procedural rules expressly provide that the record may be reopened for further proceedings. 30 TEX. ADMIN. CODE ANN. § 80.265 ("The commission . . . may order the judge to reopen the record for further proceedings on specific issues in dispute.").

Similarly, the Texas Public Utility Commission's ("PUC") rules also expressly provide that the "commission may remand the proceeding for further consideration. . . . with or without reopening the hearing." 16 TEX. ADMIN. CODE § 22.262(c). Likewise, SOAH's procedural rules also recognize the unique authority of the PUC and TCEQ to remand contested cases and expressly provide that PUC and TCEQ rules control these situations.[10]  1 TEX. ADMIN. CODE ANN. § 155.3.  No such provision is made for the Texas Department of Motor Vehicles.

Absent this special grant of remand power, here, Appellees were bound by § 2001.058(c) and SOAH Rule 155.153.  Since these provisions did

---

[10]    SOAH Rule 155.3 provides that:

(d)    If there is any conflict between SOAH's rules [such as Rule 155.153] and the procedural rules of the TCEQ adopted in § 155.1 of this title (relating to Purpose), the TCEQ rules will control.

(e)    If there is any conflict between SOAH's rules [such as Rule 155.153] and the procedural rules of the PUC adopted in § 155.1 of this title (relating to Purpose), the PUC rules will control.

1 TEX. ADMIN. CODE ANN. § 155.3.

23

not authorize the Board to remand the contested case back to the ALJs, the Remand Order, as a matter of law, was an *ultra vires* act outside Chairman Walker's statutory authority. *Heinrich*, 284 S.W.3d at 370. This act alone requires reversal of the district court's decision.

### b. Additionally, Walker did not have the power to order the ALJs to reopen the record after they issued the PFD.

Walker's Remand Order is also *ultra vires* because it commanded the ALJs to commit an act that exceeded their statutory power by ordering the ALJs to reopen the record to consider untimely new evidence long after the ALJs had issued their PFD. CR 928-929. SOAH Rule 155.153(a)(4) specifically prevents an ALJ from reopening a record after a PFD has issued:

> (a) Judge's authority and duties. The judge shall have the authority and duty to:
>
> (4) reopen the record when justice requires, *if the judge has **not issued** a dismissal, **proposal for decision**, or final decision.*[11]

1 TEX. ADMIN CODE ANN. § 155.153(a)(4).

---

[11] The Board, and not the ALJs, issues the final order in most contested cases heard by ALJs under SOAH, including the Contested Case. As a result, the PFD issued by the ALJs represented the end of their involvement in the Contested Case and was their final authorized act in that case. *See* 15 Tex. Tech L. Rev. at 127-28.

As such, SOAH Rule 155.153(a)(4) did not grant Appellees the power to reopen the record in the Contested Case since it is undisputed that the ALJs had already issued the PFD in it. CR 399-502. Nevertheless, Walker's Remand Order specifically required the ALJs to reopen the record in excess of the power granted by SOAH Rule 155.153. CR 928-929. As a matter of law, this was an *ultra vires* act that was not entitled to protection from suit. *See Heinrich*, 284 S.W.3d at 378. Again, this act alone requires reversal.

### c. Walker's Remand Order Exceeds the Board's Authority under Section 2301.709(a) of the Code because it considers untimely evidence.

Further, the Remand Order is also an *ultra vires* act because it considers the April 30 Letter, which was not submitted in a timely manner and orders the ALJs to consider the letter and various other untimely materials offered at the *ultra vires* remand hearing. RR 165-167; CR 928-929; CR 1447. Section 2301.709 of the Code states that "the board or a person delegated power from the board under Section 2301.154 may consider *only* materials that are submitted *timely*." TEX. OCC. CODE ANN. § 2301.709(a) (West 2014) (emphasis added).

The attempt to introduce the April 30 letter is important because the Motor Vehicle Code requires that all proposed transferees agree in writing

25

to be bound by all manufacturer's dealer agreements. Here, the protestant failed to provide this as part of its transfer application and the Board correctly dismissed the Contested Case for this reason. CR 504-505. However, well after the time for offering evidence, Budget/Intervenors attempted to insert the April 30 Letter into the case in an effort to cure this error. CR 1447. While that effort would be in vain under all circumstances because it does not even attempt to cure the defect for the proposed transferees[12], the attempt, at any rate, simply came much too late. CR 1447. For example, neither the protestant nor the proposed transferees *ever* introduced the letter as an exhibit during the trial of the Contested Case, which took place over the course of *nine* days, during which the parties solicited testimony from nineteen witnesses and introduced almost 300 exhibits into evidence. *See, e.g.,* CR 123-125; 138-139; 163-167; 179-180. It is also undisputed that the ALJs closed the record on May 28, 2014, yet the April 30 Letter was not submitted by Budget/Intervenors until October 15, 2014, almost five months *after* the record was closed, and almost three

---

[12] Even if timely, the April 30 letter does not cure the defect for the prospective transferees (it is only signed by Weitz, who is not a prospective transferee), so a remand for consideration of this untimely letter cannot change the fact that Budget failed to meet the statutory application requirements. CR 1447. Thus, remand not only violates the Code, it is also a waste of agency, judicial and party resources.

months *after* the ALJs issued their PFD and more than a month *after* the Contested Case had been dismissed. CR 1447.

In addition, the April 30 Letter was not even timely for consideration in conjunction with Budget/Intervenors' motion for rehearing. Budget/Intervenors had an October 2, 2014 deadline for filing a motion for rehearing of the Board's September 12 Final Order.[13]   While Budget/Intervenors did file a timely motion for rehearing, they still did not attach, or even reference, the April 30 Letter in their motion for rehearing; instead, they attempted to submit the April 30 Letter on October 15, 2014, *thirteen days after the deadline for the motion for rehearing*. CR 179; 366-36-; 390. Further, in the remand, the ALJs received a wide variety of untimely materials on other issues that had never previously or timely produced in the Contested Case.

As stated above, Section 2301.709(a) of the Code only allows consideration of "materials that are submitted *timely*." TEX. OCC. CODE ANN. § 2301.709(a) (emphasis added). As a matter of law, the April 30 letter was not timely, so Chairman Walker failed to follow the restriction

---

[13]   The deadline for filing a motion for rehearing is twenty days from receipt of the Board's decision. TEX. GOV'T CODE ANN. § 2001.146(a).

on consideration of untimely evidence. TEX. OCC. CODE ANN. § 2301.709(a). Consequently, even if the remand had been authorized, Walker still committed an *ultra vires* act by ordering the ALJs to consider the untimely April 30 Letter and other untimely materials as part of the remand. As a result, the Court should reverse the decision below. *Heinrich*, 284 S.W.3d at 370.

> ### d. Walker's order also violates the rule prohibiting the Board from attempting to influence the ALJs' decision with improper facts.

Walker's order is also *ultra vires* because it violates the rule which prohibits the Board from attempting to influence the neutral ALJs through the use of improper evidence.

> ### i. The Remand Order requires the ALJs' to consider improper evidence.

Specifically, the Government Code states that: "(a) state agency may not attempt to influence the finding of facts or the administrative law judge's application of the law in a contested case except by proper evidence and legal argument." TEX. GOV'T CODE § 2001.058(e). But here, Appellee Walker required the ALJ Appellees to reopen the record to examine untimely, and therefore, improper evidence. CR 928-29.

### ii. The Remand Order flows from improper *ex parte* contact and the use of improper procedures.

Walker's order is the result of the Board's departure from regular procedures which seems to have been prompted by improper *ex parte* contact by a prospective transferee's principal. In fact, during the pendency of the motions for rehearing, Audi was notified that the head of one of the proposed transferees, Corbin J. Robertson III, sought to influence the outcome of the rehearing in the contested case by improper *ex parte* contact with the Board Vice-Chair. CR 1940-1941. This contact occurred via the social media site LinkedIn on October 10, 2014. CR 1941. This *ex parte* communication was provided to Audi only in redacted form. Nevertheless, even the unredacted content of this *ex parte* communication is disturbing because it reveals a bald and overt attempt to influence the Board's decision on the rehearing motions by way of something other than "proper evidence and legal argument" by highlighting Robertson's family's substantial influence and wealth. CR 1941.

More specifically, after invoking the name (redacted) of a friend of the Robertson family, Robertson then addresses the rehearing of the

contested case and asks the Board's Vice-Chair to consider those factors when voting on his groups' motion for rehearing:

> I am not sure you were aware of this connection at the last [Board] meeting you attended and I would appreciate that you take this relationship into consideration as you think about how you are voting should we be successful in getting a rehearing which I understand will be up for a vote soon.
>
> CR 1941.

After receiving the *ex parte* communication and considering Budget and Intervenors' motion for rehearing, the Board granted Budget and Intervenors' motion for rehearing on December 10, 2014. CR 332 Later, when the Board again met to reconsider the disposition of the contested case, Chairman Walker asked David Duncan, General Counsel for the Division, to make a recommendation on the disposition of the contested case. Retreating from his prior recommendation upon which the Board had previously dismissed Budget/Intervenors' protest action (for failure to comply with the application requirements), the Board's counsel recommended remand of the case to SOAH for consideration of the untimely April 30 Letter. CR 156; 158-159. Thereafter, Board Member Slovacek made a motion to remand the case back to the ALJs; but, unlike Duncan's recommendation, his motion

30

only asked that the ALJs consider whether Budget/Intervenors met the conditions[14] of the PFD and did not mention consideration of the April 30 letter. CR 158-159. (A side-by-side comparison of the motion and the Remand Order are found at CR 1908).

Before calling for a vote on Slovacek's motion, Walker called for comments to it, subject to a three-minute time limit. CR 155. As best as he could, given the three minute time constraint, Audi's lawyer addressed the untimely April 30 letter, and responded to the substance of the rehearing motions[15]. The Board rejected Audi's arguments and voted to approve the motion. CR 168. Walker signed and issued the Remand Order on that same day. CR 928-929.

---

[14] Slovacek's motion went beyond counsel's recommendation by asking the ALJs to determine whether "intervenors have in fact, satisfied the conditions of the proposal for decision." CR 159. These conditions are set out in Findings of Fact 154-158 of the ALJ's PFD. The findings state that some of the prospective transferees did not have the necessary operational acumen, that the debt-to-equity ratio of the loan structure was not satisfactory, and, that there was not cross-collateralization *See, e.g.*, CR 159; CR 499; CR 928. These conditions have nothing to do with the April 30 letter or whether Budget met the requirements of a transfer application.

[15] Audi's lawyer argued that: (1) the Board lacked authority under § 2001.058 of the APA to remand the contested case to SOAH; (2) SOAH Rule 155.153(a)(4) prohibits the ALJs from reopening the evidentiary record to consider any new evidence, including the April 30 Letter, because a PFD had already been issued; and (3) the Board lacked authority to consider untimely materials, such as the April 30 Letter, pursuant to § 2301.709 of the Code. CR 160-167.

### iii. The Remand Order differs materially from member Slovacek's unanimously approved motion.

The Remand Order violates Section 2301.709(c) of the Code which provides that "[a] majority vote of a quorum of the board is *required* to adopt a final decision *or order* of the board." Tex. Occ. Code Ann. § 2301.709(c) (West 2014) (emphasis added). Walker has a ministerial duty to ensure that the orders he signs as Chair of the Board comply with the majority votes of the Board and does not have the discretion to issue orders that fail to comply with the majority vote of the Board. *See id.* Here, the Remand Order materially differs from the unanimous vote of the Board by including matters that were not in the motion. Compare CR 928-929 to 159; 1908.

For example, the actual motion does not mention consideration of the April 30 letter; instead, it moves to remand the Contested Case to the ALJs to determine the single issue of whether the Intervenors "satisfied the conditions of the PFD." RR 159: 6-12. These conditions[16] have nothing to do with the April 30 Letter. CR 499. A careful review of the motion shows that the comments of the Board's general counsel regarding the April 30 Letter which preceded the motion were not part of the motion. RR 159:6-12.

_____

[16] The conditions in the PFD deal with operational control and the debt structure of the proposed transaction. CR 499.

Neither Walker, nor any other member of the Board or the Board's staff, may add terms to an order as they see fit. Otherwise, a single person could subvert the action of the Board. These actions also violate the Open Meetings Act and Texas Occupations Code § 2301.709(c).

For these reasons, Walker's Remand order was an *ultra vires* act which exceeded his statutory authority. CR 1908. As such, this Court should reverse the decision below because Walker's *ultra vires* acts are not protected from suit. *Heinrich*, 284 S.W.3d at 370.

### iv. General statutory provisions did not authorize Walker to issue the Remand Order.

Below, based on general provisions in the Texas Occupations Code, Defendants/Appellees, Budget and Intervenors argued that Walker was authorized to issue the Remand Order. Specifically, they erroneously argued that Sections 2301.151, 2301.153(a), 2301.360(a), 2301.702 and 2301.709(c) of the Code authorize Walker to issue the Remand Order and reopen the evidence in the contested case. *See, e.g.*, CR 670-673. As is shown below, these arguments are in error.

These provisions[17] merely set out the *general* powers of the Board, and simply do not conflict with, or apply to, the specific matters at issue here, *i.e.*, whether the Board was authorized to remand the Contested Case/reopen evidence after the PFD, which are addressed in more specific sections of the Code.

Texas statutory interpretation requires that "where there is a broad and restrictive clause within a statute, the broad clause is *limited or*

---

[17] **Section 2301.151**

GENERAL JURISDICTION OF BOARD. (a) The board as the exclusive original jurisdiction to regulate those aspects of the distribution, sale, or lease of motor vehicles that are governed by this chapter, including the original jurisdiction to determine its own jurisdiction.

(b)     The board may take any action that is specifically designated or implied under this chapter or that is necessary or convenient to the exercise of the power and jurisdiction granted under Subsection (a).

**Section 2301.153(a)**

GENERAL POWERS OF BOARD. (a) Notwithstanding any other provision of law, the board has all powers necessary, incidental, or convenient to perform a power or duty expressly granted under this chapter . . . .

**Section 2301.360(a)**

REVIEW BY BOARD FOLLOWING DENIAL OF TRANSFER. (a) A dealer whose application is rejected under Section 2301.359 may file a protest with the board. A protest filed under this section is a contested case . . . .

**Section 2301.709(c)**

REVIEW BY BOARD . . .

(c)     The board or a person delegated power from the board under Section 2301.154 shall take any further action conducive to the issuance of a final order and shall issue a written final decision or order . . . .

TEX. OCC. CODE ANN. §§ 2301.151, 2301.153(a), 2301.360(a), 2301.709(c).

34

*controlled by the restrictive one."* [Hammond v. City of Dallas, 712 S.W.2d 496, 498 (Tex. 1986)](emphasis added); [Texas Gen. Indem. v. Workers' Comp. Com'n, 36 S.W.3d 635, 641 (Tex. App.—Austin 2000)](citing [GMC Superior Trucks, Inc. v. Irving Bank & Trust Co., 463 S.W.2d 274, 276 (Tex. Civ. App.— Waco 1971, no writ)] and [City of Dallas v. Mitchell, 870 S.W.2d 21, 23 (Tex. 1994)]) (providing that specific provision limits scope of general provision on same subject matter); *see also* [GMC Superior Trucks, 463 S.W.2d at 276 (citing cases)] ("[I]n case of conflict between a general statutory provision and a special provision dealing with the same subject, the general provision is controlled or limited by the special provision, whether they are contained in the same act, or in different enactments.").

Thus, while the Legislature has given the Board power to take actions "conducive" to issuing a final order in Section 2301.709(c) of the Code, such as conducting meetings to discuss such orders, those actions are limited by, and cannot violate, other more specific provisions contained in the statutes or administrative regulations. [Hammond, 712 S.W.2d at 498].

35

As discussed at length above, the APA, the Code, and SOAH's procedural rules contain multiple specific and restrictive provisions[18] which do not authorize remand of the contested case, the reopening of evidence after issuance of a PFD or consideration of untimely evidence. None of these specific provisions can be ignored in order to justify the Remand Order.

### v. Statutes, rules and procedures must apply in all contested cases or the process becomes unfair.

As described above, the Board, acting through Walker, changed its statutorily mandated procedures to order the remand and the reopening of evidence after the PFD had been issued. It did so based on improper evidence and at the improper *ex parte* urging of a witness to the Contested Case. The relevant statutes, rules and procedures must apply to all Texans equally or the contested case process becomes an unfair one. In fact, SOAH was put in place to guarantee neutral, independent fact finders in contested administrative hearings. *Mid-South Pavers*, 246 S.W.3d at 723; 15 Tex. Tech

---

[18]     For example, the Board's general powers are limited by, and cannot violate, the specific prohibitions on: (1) considering untimely evidence [Section 2301.709(a) of the Code]; (2) issuing an order that does not comply with a majority vote of the Board [Section 2301.709(c) of the Code]; or (3) remanding a contested case [Section 2001.058(e) of the APA]. *Hammond*, 712 S.W.2d at 498; *GMC Superior Trucks*, 463 S.W.2d at 276.

36

Admin. L.J. at 127-33; 2 Kenneth Culp Davis & Richard J. Pierce, Jr., *Administrative Law Treatise* § 9.8 at 67 (3d ed. 1994).

Walker's actions violate the relevant statutes and rules and also subvert the policy behind the implementation of SOAH. For example, in *Mid-South Pavers*, where the Texas Department of Transportation's executive director's actions (changing ALJ findings and conclusions without written reasons and legal bases for changes) "suggest[ed]" that the "executive director was acting as Texas Department of Transportation's own fact-finder despite the legislature having delegated that duty to the ALJ," his actions violated SOAH's neutral fact finding structure. *Mid-South Pavers*, 246 S.W.3d at 722-23.

In *Mid-South Pavers*, the Supreme Court held that agencies, like the Motor Vehicle Board, must respect the due process rights of those who appear before it in contested cases. *Id* at 722. In fact, it stated that a "neutral decision maker is crucial" to a fair administrative hearing. *Id* at 723. SOAH was created to make ALJs independent from agency political pressure and Code § 2001.058(d) was designed to prevent fact-finders from "cutting the cloth to fit the pattern in order to please agency heads." Pete

37

Schenkkan, *Texas Administrative Law: Trials, Triumphs and New Challenges*, 7 Tex. Tech Admin. L.J. 288, 323 (2006).

Thus, where, as here, a board departs from the statutes and rules governing the contested case process, it makes the neutral SOAH structure meaningless. *Id.; see Montgomery I.S.D. v. Davis*, 34 S.W.3d 559, 564 (Tex. 2000). The Supreme Court rejects attempts, like those exhibited here, to work around the neutral and has held that "[a]n independent fact finder is integral to the structure of the hearing-examiner process." *Mid-South Pavers*, 246 S.W.3d at 723 (citing *Montgomery I.S.D. v. Davis*, 34 S.W.3d at 564).

Allowing the Board to manipulate the process by disregarding the rules limiting the Board's options after issuance of a PFD and prohibiting the reopening of evidence after issuance of a PFD in order to reach a specific result is not what the legislature envisioned when it enacted SOAH. *See Mid-South Pavers*, 246 S.W.3d at 726. As such, this Court should reverse the decision below.

As a result, as the Texas Supreme Court did in *Mid-South*, this Court should also limit the record in the Contested Case to the evidence

38

presented to the ALJs in the original trial. *Id.* at 733.

For any one of, or for all of, the reasons discussed above, Walker's Remand Order was *ultra vires*. Therefore, this Court should reverse the district court's dismissal of the lawsuit.

### 3. The ALJs Committed, and Continue to Commit, *Ultra Vires* Acts.

Like Walker, the ALJs also committed *ultra vires* acts. Importantly, they continue to do so, as demonstrated by the fact that the ALJs recently held a two-day evidentiary hearing and then closed[19] the evidence in the remand proceeding (while Audi's Motion For Temporary Relief is pending in this Court). The ALJs' specific *ultra vires* acts include: 1) reopening the evidence after issuing a PFD; 2) considering untimely evidence; 3) conducting a remand hearing and continuing to entertain the remand process by issuing orders and engaging in actions to issue a new post-remand PFD; and, 4) creating and implementing a compressed remand schedule. *See, e.g.,* CR 130-134 and exhibits thereto; CR 47-54; CR 74-79; CR

---

[19] Closure of the evidence in the Contested Case made it even more likely that this dispute will be mooted before this Court reaches the merits of this appeal unless temporary relief is granted. The closure of evidence in a contested case triggers the deadline for issuing a PFD. TEX. GOV'T CODE § 2001.143.

82. Because these acts are *ultra vires*, the case should not have been dismissed by the court below.

The ALJs work for SOAH, an administrative agency, so the ALJs' powers are limited to only those granted to them by the legislature through applicable statutes and rules. TEX. GOV'T CODE § 2001.141(d); *Sexton, 720 S.W.2d at 137*; *see also*, 15 Tex. Tech Admin. L.J. at 126-27; Pete Schenkkan, *Texas Administrative Law: Trials, Triumphs and New Challenges, 7 Tex. Tech Admin. L.J. 288, 323 (2006)*. In fact, the ALJs are required to follow the SOAH Rules and, by law, "shall not" contravene applicable statutes. *See* 1 TEX. ADMIN. CODE ANN. § 155.3[20] (West 2014). SOAH's administrative rules have the same legal force as statutes. *Rodriguez v. Serv. Lloyds Ins. Co., 997 S.W.2d 248, 254 (Texas. 1999)*. As will be shown, the applicable statutes and rules do not authorize the reopening of evidence after the issuance of a

---

[20] "SOAH proceedings shall be conducted in accordance with the APA, when applicable, and this chapter. The judge may modify and supplement the requirements of this chapter to promote the fair and efficient handling of the case and to facilitate resolution of issues, if doing so will not unduly prejudice the rights of any person or contravene applicable statutes." This rule contemplates actions such as extending deadlines or other similar measures. The only Texas cases citing Rule 155.3 have done so in the context of allowing late filing of discovery or the substantial compliance with a procedural rule. *See, e.g., In the Matter of Disciplinary Action Against a Certain Certificate Holder for Failure to Renew*, SOAH Docket No. 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.C, 2004 WL 4172027, before the Texas State Board of Public Accountancy (September 2004) (citing Rule 155.3 in passing to allow for substantial compliance with service of notice of hearing rule even though party served notice by mail, rather than by certified mail); *State of Texas*, SOAH Docket No. 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.26, 2014 WL 4694555, before the Comptroller of Public Accounts (May 19, 2014) (same).

PFD and do not authorize consideration of untimely evidence. Therefore, the ALJs' conduct of the remand and reopening of the evidence, made pursuant to Walker's *ultra vires* Remand Order, were outside their grant of authority.

### a. The ALJs do not have authority to conduct a remand after issuing a PFD.

The ALJs exceeded their authority by entertaining and continuing to entertain the remand of the contested case despite the fact that § 2001.058(e) of the APA does not authorize the Board to remand a contested case back to SOAH after the issuance of a PFD. Audi brought this point to the attention of the ALJs before the remand began. CR 47-54; CR 74-79. Although they would not refrain from entertaining the remand of the Contested Case, the ALJs did encourage[21] Audi to seek relief from a district court to determine whether they had the power to carry out Walker's Remand Order. CR 77-78. Unfortunately, the district court erroneously dismissed the case when Audi sought that relief, even though § 2001.058(e)

---

[21]     JUDGE O'MALLEY:   . . . You know that if you really want something to stop, then you have a - - you can go to district court and get a stay. And if you - - we have had that happen before where we've had a remand or a case and, for whatever reason, a party believes that we don't have authority to move forward, then they get a stay in district court. And, of course, then we are stayed . . . . **So I think that would be your best option if you truly believed they lacked authority or we need to stop in our tracks, if we got some sort of district court stay order, then that would be the process we would work with**. CR 77-78.

41

only authorizes the Board to "change a finding of fact or conclusion of law made by the administrative law judge," not remand a case after issuance of a PFD. As recipients of the erroneous remand, the ALJs should have honored this statute and should have refrained from entertaining the remand of the Contested Case. Their combined failure to abide by the APA and their collective decision to carry out the remand process were *ultra vires* acts which warrant reversal of the decision below.

### b. The ALJs do not have authority to reopen evidence after a PFD.

The ALJs also exceeded their authority by re-opening the evidence in the remand of the Contested Case. This act contravenes SOAH Rule 155.153(a)(4)[22] which expressly prohibits the reopening of the record in a contested case once a PFD has been issued. 1 TEX. ADMIN. CODE ANN. § 155.153(a)(4) (West 2014).

As is illustrated by the following SOAH matters, SOAH ALJs are aware of this limitation on their powers. *See, e.g., Texas Department of Insurance v. Maria D. Mondragon,* SOAH Docket No. 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.C, ALJ's

---

[22] Section 155.153(a)(4) states: ("The judge shall have the authority and duty to . . . reopen the record when justice requires, *if the judge has not issued a* dismissal, *proposal for decision*, or final decision.") (emphasis added).

42

Response to Exceptions at 2, Oct. 23, 2014 (CR 1492-1493); *Petitioner v. Tax Division, Texas Comptroller of Public Accounts*, 2014 WL 4694594, SOAH Docket No. 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.26, Comptroller's Decision at *1, June 16, 2014 (CR 1496-1501); *see also*, *Petitioner v. Tax Division, Texas Comptroller of Public Accounts*, 2014 WL 4694592, SOAH Docket No. 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.26, Comptroller's Decision at *6, June 9, 2014 (stating that "once the ALJ issues the PFD, he is not authorized to reopen the record to admit additional evidence . . . ".) (CR 1502-1514); *In the Matter of Licensed Vocational Nurse License Number 199025 Issued to Belinda Quintero Molina*, SOAH Docket No. 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, Exceptions Letter by ALJ, Feb, 28, 2012 ( The ALJ responded to a request to reopen the record by stating that "an administrative law judge (ALJ) has no authority to rule on motions that are filed after the ALJ has issued a proposal for decision (PFD) except as provided by law. The authority the Staff has requested that I exercise in this matter does not exist in the procedural rules of the State Office of Administrative Hearings (SOAH), 1 Tex. Admin. Code ch. 155, the Administrative Procedure Act (APA), Tex Gov't Code ch. 2001, SOAH's enabling act, [or] Tex. Gov't Code ch. 2003 . . .)." (CR 1517-1518).

Before the remand of the Contested Case began, Audi raised its concerns with the ALJs that reopening the record exceeded their power and asked them to refuse to do so and to refuse to consider the remand. The ALJs rejected Audi's position. CR 77-78. In fact, ALJ O'Malley stated on the record that SOAH routinely considers remands[23] from administrative agencies. CR 78.

But ALJ O'Malley failed to recognize that, as discussed in section A 2 above, *some* agency cases can be remanded to an ALJ, but that remand can *only* occur where agencies have been given statutory authority to remand a contested case back to SOAH. *See* 15 Texas Tech Admin. L.J. at 132-141. Here, the ALJs ignored the fact that the Texas Motor Vehicle Board was not given that remand power by the legislature. The fact that some agencies have remand power, but the Motor Vehicle Board does not, illustrates the fact that, where the legislature wishes to grant remand power to an agency, it knows how to do so; yet, it has not done so for the Motor Vehicle Board.

---

[23]     JUDGE O'MALLEY: [W]e believe that at this time we don't - - we don't have authority, Mr. Donley, to send it back to the Commission, though the motion and reply were very thorough . . . We all - - Judge Wilkov and I have both many times issued PFDs where the parties want to open the record after we've issued the PFD. That's somewhat different than - - and I know you may disagree with us on this - - but we're not going to go around and around about that. I just issued a PFD on - - I don't know - - Thursday or last week on a remand hearing. We take remands almost weekly from agencies. That's a common thing. We do have the authority . . . CR 77-78.

So, absent that special grant of remand power, Appellees were bound by § 2001.058(c) and SOAH Rule 155.153.  As such, they committed *ultra vires* acts by reopening evidence and entertaining a remand after issuing a PFD.

Below, Defendants/Appellees never cited any *specific* authority granting the ALJs power to reopen the record in the Contested Case after the issuance of a PFD. Instead, they insinuated that SOAH Rule 155.3(a)[24] may provide the ALJs with general authority to reopen the record.  But the plain language of Rule 155.3(a) simply does not speak to, or authorize, the ALJs' reopening the record after the issuance of a PFD.

Moreover, the terms of Rule 155.3(a) prevent a party from using it to cause undue prejudice or contravention of applicable statutes. Here, Audi's rights were unduly prejudiced by the ALJs' decision to reopen the record in the Contested Case after the issuance of a PFD to consider untimely evidence.  And, by reopening the record, the ALJs contravene Section

---

[24]     SOAH Rule 155.3(a) provides in relevant part:

Application and Construction of this Chapter

(a)     SOAH proceedings shall be conducted in accordance with the APA, when applicable, and with this chapter. The judge may modify and supplement the requirements of this chapter to promote the fair and efficient handling of the case and to facilitate resolution of issues, if doing so will not unduly prejudice the rights of any person or contravene applicable statutes.

1 TEXAS ADMIN. CODE ANN. § 155.3(a) (emphasis added).

45

2001.058(e) of the APA since it does not authorize remands after PFDs are issued.

Likewise, Section 2301.709 of the Code does not allow the Board to consider untimely evidence, yet by reopening the record, the ALJs contravene Section 2301.709 by considering untimely evidence in the remand proceedings. Courts may not interpret statutes in a way that "renders any part of the statute meaningless or superfluous." *Crosstex*, 430 S.W.3d at 390 (quoting *Columbia Med Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008)). Interpreting Rule 155.3(a) to allow the ALJs to completely disregard the express prohibition on reopening the record after issuance of a PFD renders that rule meaningless and superfluous.

Finally, where two sections of a statute address the same subject matter "the general provision is controlled or limited by the special provision." *Texas Gen. Indem.*, 36 S.W.3d at 641 (citing cases)*; see also Hammond*, 712 S.W.2d at 498. The specific provision limits the scope of the general provision. *Texas Gen. Indem.*, 36 S.W.3d at 641 (citing *Trinity Universal Ins. Co. v. McLaughlin*, 373 S.W.2d 66, 69 (Tex. Civ. App.—Austin 1963, writ ref'd n.r.e.)). Here, Rule 155.153 specifically addresses the power

46

of ALJs to reopen the record, limiting it to cases where a PDF has not been issued, among other requirements. By contrast, Rule 155.3 is a general rule. Thus, Rule 155.153, the more specific provision, controls. *Hammond*, 712 S.W.2d at 498; *Texas Gen. Indem.*, 36 S.W.3d at 641.

For the foregoing reasons, the ALJs' actions exceeded their powers and were not entitled to immunity. Likewise, under these circumstances, exhaustion of remedies was not required. Therefore, the district court committed reversible error when it dismissed this lawsuit.

## PRAYER AND REQUEST FOR RELIEF

For all, or any of the reasons stated above, Audi asks this Court to reverse the decision below, render a decision in Audi's favor and grant injunctive relief preventing the Appellees from taking any actions to further the *ultra vires* remand in the Contested Case. Audi also requests that this Court limit the record in the Contested Case to its pre-remand state. Audi further asks the Court to grant it all other relief to which it is entitled.

Respectfully submitted,

King & Spalding LLP


By: /s/ S. Shawn Stephens
S. Shawn Stephens
Texas Bar No. 19160060
sstephens@kslaw.com
James P. Sullivan
Texas Bar No. 24070702
jsullivan@kslaw.com
KING & SPALDING
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Billy M. Donley
Texas Bar No. 05977085
BDonley@Bakerlaw.com
Mark E. Smith
Texas Bar No. 24070639
mesmith@bakerlaw.com
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

***Attorneys for Appellants***
***Volkswagen Group of America, Inc. and***
***Audi of America, Inc.***

## CERTIFICATE OF COMPLIANCE

I certify that on July 1, 2015, that this Appellants' Brief was produced on a computer and contains 10,335 words, excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, and statement of the issues presented, and thus does not exceed the 15,000 word limit provided for by Tex. R. App. P. 9.4(i).

/s/ S. Shawn Stephens
S. Shawn Stephens

## CERTIFICATE OF FILING AND SERVICE

I certify that on July 1, 2015, I used the Court's electronic case filing system to file this Appellants' Brief and to serve this document on counsel for appellees as follows:

William R. Crocker
crockerlaw@earthlink.net
807 Brazos, Ste. 1014
Austin, Texas 78701

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

Kimberly Fuchs
kimberly.fuchs@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellees Michael J. O'Malley and Penny A. Wilkov*

49

J. Bruce Bennett
jbb.chblaw@sbcglobal.net
Cardwell, Hart & Bennett,
LLP
807 Brazos, Suite 1001
Austin, Texas 78701

*Counsel for Appellees Ricardo
M. Weitz; Hi Tech Imports
North, LLC; Hi Tech Imports,
South, LLC; and Hi Tech
Imports, LLC*

Joseph W. Letzer
jletzer@burr.com
Dent M. Morton
dmorton@burr.com
Burr & Forman, LLP
420 20th Street N., Suite 3400
Birmingham, AL 35203

*Counsel for Appellees Ricardo
M. Weitz; Hi Tech Imports
North, LLC; Hi Tech Imports,
South, LLC; and Hi Tech
Imports, LLC*

Dennis McKinney
dennis.mckinney@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellee John Walker III*

/s/ S. Shawn Stephens
S. Shawn Stephens

**NO. 03-15-00285-CV**

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.**

*Appellants*

vs.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND THE HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF ADMINISTRATIVE HEARINGS**

*Appellees*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

**APPENDIX TO APPELLANTS' BRIEF**

| TAB | DESCRIPTION |
|-----|-------------|
| 1. | District Court Orders on Defendants' O'Malley, Wilkov, and Walker's Pleas to the Jurisdiction (CR 2030-2031) |
| 2. | Texas Government Code § 2001.058 |
| 3. | State Office of Administrative Hearings Rule 155.153 |
| 4. | Texas Occupations Code § 2301.709 |
| 5. | Chair Walker's Remand Order (CR 928-929) |

DMSLIBRARY01:26055324.1

| TAB | DESCRIPTION |
|-----|-------------|
| 6. | Comparison of Slovacek Motion and Remand Order (CR 1908) |
| 7. | Ex Parte Contact (CR 1941) |

DMSLIBRARY01:26055324.1

# APPENDIX TAB 1

CAUSE NO. D-1-GN-15-001186

Filed in The District Court
of Travis County, Texas

APR 30 2015

At 4:23 PM. NS

Velva L. Price, District Clerk

| | | |
|---|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC. AND AUDI OF AMERICA, INC., | § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| v. | § § | |
| JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND THE HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF ADMINISTRATIVE HEARINGS, | § § § § § § § § § § § § § § | TRAVIS COUNTY, TEXAS |
| *Defendants.* | § | 353RD JUDICIAL DISTRICT |

## <u>ORDER ON DEFENDANTS O'MALLEY AND WILKOV'S PLEA TO THE JURISDICTION</u>

On April 30, 2015 a hearing on Defendants O'Malley and Wilkov's (SOAH defendants) Plea to the Jurisdiction was held. All parties appeared through counsel. After considering the pleadings, briefings, evidence and argument, this Court finds that Defendants O'Malley and Wilkov's Plea to the Jurisdiction should be granted.

IT IS THEREFORE ORDERED AND DECLARED that Defendants O'Malley and Wilkov's Plea to the Jurisdiction is GRANTED and Plaintiff's claims against these Defendants are dismissed from the case.

Signed this the 30th day of April , 2015

The Honorable Amy Clark Meachum



Case # D-1-GN-15-001186

004006831



2030

## CAUSE NO. D-1-GN-15-001186

| | | |
|---|---|---|
| **VOLKSWAGEN GROUP OF AMERICA, INC. and AUDI OF AMERICA, INC.** | §<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | §<br>§<br>§ | |
| **v.** | §<br>§<br>§ | **TRAVIS COUNTY, TEXAS** |
| **JOHN WALKER III, in his Official Capacity as Chairman of the Texas Department of Motor Vehicles Board; THE HONORABLE MICHAEL J. O'MALLEY, and THE HONORABLE PENNY A. WILKOV, in their official Capacities as Administrative Law Judges for the State Office of Administrative Hearings** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **Defendants.** | § | **353rd JUDICIAL DISTRICT** |

## <u>ORDER ON DEFENDANT WALKER'S PLEA TO THE JURISDICTION</u>

Be it remembered that on this day came on to be heard the Plea to the Jurisdiction

filed by Defendant, John Walker III, in his Official Capacity as Chairman of the Texas

Department of Motor Vehicles Board. After ~~hearing argument of counsel the Court is of~~ _considering the pleadings, briefings, evidence and argument, this Court finds_ ~~the opinion~~ that such motion should be Granted;

It is hereby ORDERED, ADJUDGED AND DECREED that Defendant Walker's

Plea to the Jurisdiction is GRANTED and all claims against Defendant Walker are hereby

dismissed.

Case # D-1-GN-15-001186

004006796

Filed in The District Court
of Travis County, Texas

APR 30 2015
4:23 P.M. NS
L. Price, District Clerk

Signed this 30th day of April, 2015.

_____
Judge Presiding



2031

# APPENDIX TAB 2

Vernon's Texas Statutes and Codes Annotated
Government Code (Refs & Annos)
Title 10. General Government (Refs & Annos)
Subtitle A. Administrative Procedure and Practice
Chapter 2001. Administrative Procedure (Refs & Annos)
Subchapter C. Contested Cases: General Rights and Procedures

V.T.C.A., Government Code § 2001.058

§ 2001.058. Hearing Conducted by State Office of Administrative Hearings

Currentness

(a) This section applies only to an administrative law judge employed by the State Office of Administrative Hearings.

(b) An administrative law judge who conducts a contested case hearing shall consider applicable agency rules or policies in conducting the hearing, but the state agency deciding the case may not supervise the administrative law judge.

(c) A state agency shall provide the administrative law judge with a written statement of applicable rules or policies.

(d) A state agency may not attempt to influence the finding of facts or the administrative law judge's application of the law in a contested case except by proper evidence and legal argument.

(e) A state agency may change a finding of fact or conclusion of law made by the administrative law judge, or may vacate or modify an order issued by the administrative judge, only if the agency determines:

(1) that the administrative law judge did not properly apply or interpret applicable law, agency rules, written policies provided under Subsection (c), or prior administrative decisions;

(2) that a prior administrative decision on which the administrative law judge relied is incorrect or should be changed; or

(3) that a technical error in a finding of fact should be changed.

The agency shall state in writing the specific reason and legal basis for a change made under this subsection.

(f) A state agency by rule may provide that, in a contested case before the agency that concerns licensing in relation to an occupational license and that is not disposed of by stipulation, agreed settlement, or consent order, the administrative law judge shall render the final decision in the contested case. If a state agency adopts such a rule, the following provisions apply to contested cases covered by the rule:

(1) the administrative law judge shall render the decision that may become final under Section 2001.144 not later than the 60th day after the latter of the date on which the hearing is finally closed or the date by which the judge has ordered all briefs, reply briefs, and other posthearing documents to be filed, and the 60-day period may be extended only with the consent of all parties, including the occupational licensing agency;

(2) the administrative law judge shall include in the findings of fact and conclusions of law a determination whether the license at issue is primarily a license to engage in an occupation;

(3) the State Office of Administrative Hearings is the state agency with which a motion for rehearing or a reply to a motion for rehearing is filed under Section 2001.146 and is the state agency that acts on the motion or extends a time period under Section 2001.146;

(4) the State Office of Administrative Hearings is the state agency responsible for sending a copy of the decision that may become final under Section 2001.144 or an order ruling on a motion for rehearing to the parties, including the occupational licensing agency, in accordance with Section 2001.142; and

(5) the occupational licensing agency and any other party to the contested case is entitled to obtain judicial review of the final decision in accordance with this chapter.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1997, 75th Leg., ch. 1167, § 1, eff. Sept. 1, 1997.

Notes of Decisions (33)

V. T. C. A., Government Code § 2001.058, TX GOVT § 2001.058
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX TAB 3

<<Prev Rule                                                                    Next Rule>>

# Texas Administrative Code

| | |
|---|---|
| TITLE 1 | ADMINISTRATION |
| PART 7 | STATE OFFICE OF ADMINISTRATIVE HEARINGS |
| CHAPTER 155 | RULES OF PROCEDURE |
| SUBCHAPTER D | JUDGES |
| RULE §155.153 | Powers and Duties |

(a) Judge's authority and duties. The judge shall have the authority and duty to:

(1) conduct a full, fair, and efficient hearing;

(2) take action to avoid unnecessary delay in the disposition of the proceeding;

(3) maintain order; and

(4) reopen the record when justice requires, if the judge has not issued a dismissal, proposal for decision, or final decision.

(b) Judge's powers. The judge shall have the power to regulate prehearing matters, the hearing, and the conduct of the parties and authorized representatives, including the power to:

(1) administer oaths;

(2) take testimony, including the power to question witnesses and to request the presence of a witness from a state agency, as contemplated by APA §2001.090(d);

(3) rule on questions of evidence;

(4) rule on discovery issues;

(5) issue orders relating to hearing and prehearing matters, including orders imposing sanctions;

(6) admit or deny party status;

(7) designate the party with the burden of proof pursuant to §155.427 of this title (relating to Burden of Proof);

(8) exclude irrelevant, immaterial, and unduly repetitious testimony and reasonably limit the time for presentations of evidence or argument;

(9) order parties to submit legal memoranda and proposed findings of fact and conclusions of law;

(10) issue proposals for decision pursuant to APA §2001.062, and when authorized, final decisions; and

(11) rule on motions for rehearing, when authorized.

**Source Note:** The provisions of this §155.153 adopted to be effective November 26, 2008, 33 TexReg 9451

List of Titles                    Back to List

HOME | TEXAS REGISTER | TEXAS ADMINISTRATIVE CODE | OPEN MEETINGS

# APPENDIX TAB 4

| | |
|---|---|
| **Vernon's Texas Statutes and Codes Annotated** | |
| **Occupations Code (Refs & Annos)** | |
| **Title 14. Regulation of Motor Vehicles and Transportation (Refs & Annos)** | |
| **Subtitle A. Regulations Related to Motor Vehicles** | |
| **Chapter 2301. Sale or Lease of Motor Vehicles (Refs & Annos)** | |
| **Subchapter O. Hearings Procedures** | |

**V.T.C.A., Occupations Code § 2301.709**

**§ 2301.709. Review by Board**

**Effective: September 1, 2013**

Currentness

(a) In reviewing a case under this subchapter, the board or a person delegated power from the board under Section 2301.154 may consider only materials that are submitted timely.

(b) The board or a person delegated power from the board under Section 2301.154 may hear such oral argument from any party as the board may allow.

(c) The board or a person delegated power from the board under Section 2301.154 shall take any further action conducive to the issuance of a final order and shall issue a written final decision or order. A majority vote of a quorum of the board is required to adopt a final decision or order of the board.

**Credits**

Added by Acts 2001, 77th Leg., ch. 1421, § 5, eff. June 1, 2003. Amended by Acts 2007, 80th Leg., ch. 1403, § 3, eff. Sept. 1, 2007; Acts 2013, 83rd Leg., ch. 1135 (H.B. 2741), § 26, eff. Sept. 1, 2013.

Notes of Decisions (7)

V. T. C. A., Occupations Code § 2301.709, TX OCC § 2301.709
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX TAB 5

Upload Date: 20150218074532　Account Number: 1815　Upload Description: Docket13.008Exh.1and2

## BOARD OF THE TEXAS DEPARTMENT OF MOTOR VEHICLES

| | |
|---|---|
| Budget Leasing, Inc., d/b/a Audi<br>North Austin and Audi South Austin,<br>Protestants, and Ricardo M. Weitz, Hi Tech<br>Imports North, LLC, Hi Tech Imports<br>South, LLC, Hi Tech Imports LLC,<br>Intervenors<br><br>v.<br><br>Volkswagen Group of America, Inc. and<br>Porsche Cars North America, Inc.,<br>Respondents | §<br>§<br>§<br>§<br>§<br>§<br><br>§  **MVD DOCKET NO. 13-0008.LIC**<br>§  **SOAH DOCKET NO. 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.LIC**<br>§<br>§<br>§<br>§ |

### INTERIM ORDER REMANDING THE CASE TO THE STATE OFFICE OF ADMINISTRATIVE HEARINGS FOR FURTHER PROCEEDINGS

On December 10, 2014, the Board of the Texas Department of Motor Vehicles granted rehearing in this matter. The Board finds that substantial controversies continue to exist and that these controversies require further adjudication at the State Office of Administrative Hearings through the contested case process.

The Board remands this matter to the State Office of Administrative Hearings (SOAH) for supplemental proceedings, limited to the following:

Did Audi receive the letter[1] dated April 30, 2013, from Ricardo M. Weitz to Sally Grimes, and should this letter be added to the record? If so, what effect, if any, does the letter have on the issue of compliance with Tex. Occ. Code, §2301.359 in light of the agency's prior decision in *Gordon Rountree Motors, Ltd. v. Mazda Motors of America*, MVD Docket No. 07-0038 LIC[2]?

While adjudicating this case on remand, SOAH is also directed to review the qualifying conditions set forth in Findings of Fact Nos. 154-158, Intervenors' Motion to Find the Prospective Transferees Qualified[3], and Volkswagen Group of America, Inc. & Audi of America Inc.'s Response to Intervenors' Motion to Find the Prospective Transferees Qualified.[4] At the conclusion of this review, SOAH is directed to provide a specific finding that prospective transferees either are qualified or are not qualified.

---

[1] A copy of which is attached hereto as **Exhibit 1**
[2] A copy of which is attached hereto as **Exhibit 2**.
[3] A copy of which is attached hereto as **Exhibit 3**.
[4] A copy of which is attached hereto as **Exhibit 4**.

**Exhibit L - Brief ISO Motion for Temporary Injunction** 928

Accordingly, the Board requests SOAH conduct supplemental proceedings limited to the taking of evidence and providing the Board with supplemental findings on the foregoing issues. Regarding these supplemental proceedings, the Board holds that SOAH's opinion on retention of jurisdiction is not properly a finding of fact or a conclusion of law. Under Occupations Code, §2301.360(e), the decision to retain jurisdiction after the issuance of the Board's order is at the sole discretion of the Board.

Given the complicated and lengthy nature of the proceedings already conducted by SOAH in this matter, the Board requests that the same administrative law judges who conducted the initial proceedings be assigned to this matter on remand.

The Board strongly urges SOAH to address this matter as expeditiously as possible. To that end, the Board recognizes that accommodations regarding other Board cases may need to be made and the Board authorizes SOAH to do whatever is necessary to fulfill the Board's request to accelerate the adjudication of this matter.

Date: February 13, 2015

John H. Walker, III, Board Chairman,
Texas Department of Motor Vehicles

ATTESTED

Daniel Avitia, Director
Motor Vehicle Division
Texas Department of Motor Vehicles

**Exhibit L - Brief ISO Motion for Temporary Injunction** 929

# APPENDIX TAB 6

P 14

MR. SLOVACEK: What is the staff's recommendation?

MR. DUNCAN: To remand to SOAH to consider the document that we received in the period between the board's last action and today.

MR. SLOVACEK: Mr. Chairman, I make a motion that we remand to SOAH, for the reasons outlined by Mr. Duncan, this entire case, for all the reasons set forth, to determine whether the interveners have, in fact, satisfied the conditions of the proposal for decision.

MR. PALACIOS: I second the motion.

MR. WALKER: We have a motion by Member Slovacek and we have as second by Raymond Palacios. Do we have any comments or any questions by any of the board members?

P 27, 28

MR. WALKER: I'm sorry.

So we have a motion and we have a second. Do we have any further comments from the board?

(No response.)

MR. WALKER: All in favor of the recommended proposal to send it back to SOAH, signify by saying aye.

(A chorus of ayes.)

MR. WALKER: All opposed, same sign.

(No response.)

MR. WALKER: The motion carries.

---

The Board remands this matter to the State Office of Administrative Hearings (SOAH) for supplemental proceedings, limited to the following:

Did Audi receive the letter[1] dated April 30, 2013, from Ricardo M. Weitz to Sally Grimes, and should this letter be added to the record? If so, what effect, if any, does the letter have on the issue of compliance with Tex. Occ. Code, §2301.359 in light of the agency's prior decision in *Gordon Rountree Motors, Ltd. v. Mazda Motors of America*, MVD Docket No. 07-0038 LIC[2]?

While adjudicating this case on remand, SOAH is also directed to review the qualifying conditions set forth in Findings of Fact Nos. 154-158, Intervenors' Motion to Find the Prospective Transferees Qualified[3], and Volkswagen Group of America, Inc. & Audi of America Inc.'s Response to Intervenors' Motion to Find the Prospective Transferees Qualified.[4] At the conclusion of this review, SOAH is directed to provide a specific finding that prospective transferees either are qualified or are not qualified.

Accordingly, the Board requests SOAH conduct supplemental proceedings limited to the taking of evidence and providing the Board with supplemental findings on the foregoing issues. Regarding these supplemental proceedings, the Board holds that SOAH's opinion on retention of jurisdiction is not properly a finding of fact or a conclusion of law. Under Occupations Code, §2301.360(e), the decision to retain jurisdiction after the issuance of the Board's order is at the sole discretion of the Board.

Given the complicated and lengthy nature of the proceedings already conducted by SOAH in this matter, the Board requests that the same administrative law judges who conducted the initial proceedings be assigned to this matter on remand.

The Board strongly urges SOAH to address this matter as expeditiously as possible. To that end, the Board recognizes that accommodations regarding other Board cases may need to be made and the Board authorizes SOAH to do whatever is necessary to fulfill the Board's request to accelerate the adjudication of this matter.

Date: February 13, 2015

John H. Walker, III, Board Chairman,
Texas Department of Motor Vehicles

ATTESTED

Daniel Avitia, Director
Motor Vehicle Division
Texas Department of Motor Vehicles

**Exhibit 5**

# APPENDIX TAB 7



## InMail: You have a new message

**Date:** 10/15/2014
**Subject:** RE: Introduction

Do you have a number I can reach you?

I wouldn't expect you to do anything less than consider the relevant facts and circumstances for cases.

Thanks,

Corby

On 10/13/14 4:53 PM, Laura R. wrote:
--------------------
Corby,

In response to your email below. As you may, or may not be aware, my position on the TxDMV Board required me to take an oath and I am obligated to comply with certain rules as a public servant. As such, I am bound to consider only those facts and circumstances that may be relevant and appropriate to the situation when considering my vote. I hope you will understand, and respect, my position.

Hopefully we will be able to meet someday under different circumstances. Take care.

On 10/10/14 3:47 PM, Corby R. wrote:
--------------------
Laura,

I understand that you attended the TX D Motor Vehicle Board meeting last month and had the opportunity to vote on a situation that I am involved with and is the reason that I am writing to you. That situation is my partner, Ricardo Weitz, and I trying to receive approval to finalize the purchase of the two Audi dealerships in Austin, Texas. The ALJs that the TX D Motor Vehicle assigned to this case are even recommending that the TX DMV approve the transaction. I am not sure if you are aware that the Robertsons and ███████ have been long time friends and highly supportive of each other's philanthropic efforts around Houston. The Robertson family has been very active in the Houston community for over 100 years and are one of the largest supporters of the Texas Medical Center. The stadium at UofH was named Robertson stadium as another example. █ and I are in the Houston YPO chapter together and one of his closest friends is my cousin, Jody McCord. Why I am pointing this out is because I am not sure that you were aware of this connection at the last meeting you attended and I would appreciate that you take this relationship into consideration as you think about how you are voting should we be successful in getting a rehearing which I understand will be up for a vote soon. I have listed my phone number if you would like to call me to discuss. You can also verify some of the above information thru ████ ████ if you desire. This is an important issue to me.

Thank you in advance for any consideration.

Corby

**View Message**

**Exhibit 7** 1941